BAKER, Judge,
dissenting.
Because I do not believe that Chavers possessed the requisite intent to support his conviction for invasion of privacy, I am compelled to part ways with the majority. More particularly, I cannot agree that the evidence shows that Chavers knowingly violated an order of protection.
Chavers was present at the September 10, 2010 hearing that resulted in the dismissal of the civil protection order because Cushenberry failed to appear. Then, less than one week later, Chavers appeared in a different superior court, Court 16, where as a condition of his probation, he was to abide by a no contact order protecting Cushenberry unless she vacated it. Cush-enberry attempted to do so, but she went to the wrong court — Court 21 — where she had obtained the first protection order. Cushenberry was given paperwork indicating that the protective order had been dismissed at the September 10 hearing. However, she did not go to Court 16 to request that the no contact order that had been imposed as a condition of Chavers’s probation be vacated.
A day or so passed before the two of them finally decided to meet after Cushen-berry explained that she had dismissal papers. Indeed, even Officer Wren believed that the protective order for which she had been called to investigate might no longer be in effect.
Under these circumstances, I cannot conclude that there was sufficient evidence to convict Chavers. He was not with Cushenberry when she tried to get the no *154 contact order vacated, and an average person could be easily mistaken regarding the exact superior court number where he or she needed to go to get a no contact vacated, especially in a county as large as Marion. As for Chavers’s unwillingness to cooperate with police, it is apparent he is not exactly a law-abiding citizen. Nevertheless, I do not believe the evidence was sufficient in this case. Accordingly, I dissent.